Jose Castillo **RAMIREZ**, Appellant

v.

The **STATE** of Texas, Appellee.

Nos. 05–04–01228–CR, 05–04–01229–CR.

Court of Appeals of Texas, Dallas.

Feb. 3, 2006.

State was not diligent in apprehending him; and (4) the common law due diligence defense was not vitiated by article 42.12, sections 21(e) and 24. Concluding appellant's arguments are without merit, we affirm the trial court's judgments.

## FACTUAL BACKGROUND

Appellant pleaded guilty to two offenses of indecency with a child and was placed on ten years' probation on October 5, 1992. The State filed motions to revoke probation in both cases on March 29, 1993. A capias writ issued on the motions on April 2, 1993. On October 4, 2002, appellant's probation term expired. He was apprehended on May 7, 2004 in Aurora, Illinois.

At the hearing on the State's motions to revoke, appellant complained the State did not use due diligence in apprehending him. The trial court concluded that the common law due diligence defense no longer existed and had been replaced instead by article 42.12, section 24 of the Texas Code of Criminal Procedure. The trial court read the statute to provide a limited due diligence affirmative defense that applies only to two specific revocation allegations, neither of which were applicable in appellant's cases. The trial court granted the State's motions to revoke and sentenced appellant to two years' confinement in each case.

## DISCUSSION

In his first issue on appeal, appellant complains the trial court lost jurisdiction over him before Texas Code of Criminal Procedure article 42.12, sections 21(e) and 24 went into effect. Article 42.12 was amended in 2003 after appellant's probation term technically expired. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 250, §§ 2, 3, 2003 Tex. Gen. Laws 1158, 1158 (codified at TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 21(e) and 24 (Vernon Supp.

Paul D. Key, McKinney, TX, for Appellant.

Andrea L. Westerfeld, Asst. Criminal District Atty., McKinney, TX, for The State.

Before Justices MORRIS, WHITTINGTON, and LANG.

## OPINION

Opinion by Justice MORRIS.

When Jose Castillo Ramirez was originally convicted of two indecency with a child offenses, he was placed on ten years' probation in each case. After that ten-year term expired, the trial court revoked appellant's probation and sentenced him to two years' confinement in each case. Appellant now complains in four issues that the trial court erred in revoking his probation in these cases because: (1) it had lost jurisdiction over the cases; (2) application of code of criminal procedure article 42.12, sections 21(e) and 24 to his cases violated his rights under the Ex Post Facto Clause of the United States Constitution; (3) the

2005)). The amendment created a statutory due diligence affirmative defense in revocation cases where the State alleged either the probationer failed to report or failed to remain within a specified place. In those types of cases, where the State "failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address," the probationer may claim the affirmative due diligence defense. Tex.Code Crim. Proc. Ann. art. 42.12, § 24.

Appellant contends the limited, statutory due diligence affirmative defense did not apply to his cases because the trial court lost jurisdiction over his cases in 2002 when his probation term expired. He asserts that the common law due diligence defense applied instead. The common law defense, as applied in revocation cases where the defendant was apprehended after the expiration of his probation term, required the State to prove by a preponderance of the evidence that it used due diligence in executing the capias[1] and in holding a hearing on the motion to revoke. *See Nurridin v. State,* 154 S.W.3d 920, 922 (Tex.App.-Dallas 2005, no pet.). Appellant's contention is not well taken.

■ So long as a motion to revoke is filed and a capias is issued before a defendant's probationary term expires, the trial court retains jurisdiction over the case even after the term expires. *See Brecheisen v. State,* 4 S.W.3d 761, 763 (Tex.Crim. App.1999); *see also* Tex.Code Crim. Proc.

Ann. art. 42.12, § 21(e). Even under the common law, due diligence was not an element of trial court jurisdiction but a plea in bar or defense that had to be raised at the revocation hearing. *Brecheisen,* 4 S.W.3d at 763. Here, the motion to revoke was filed and the capias was issued during appellant's probation term. Thus, the trial court had jurisdiction over the motions to revoke. We resolve appellant's first issue against him.

■ In his second issue, appellant complains that application of article 42.12, sections 21(e) and 24 to his cases violated the Ex Post Facto Clause.[2] An ex post facto law (1) punishes as a crime an act previously committed that was innocent when done, (2) inflicts a greater punishment than the law attached to a criminal offense when committed, (3) deprives a person charged with a crime of any defense available at the time the act was committed, or (4) alters the legal rules of evidence and requires less or different testimony than the law required at the time of the commission of the offense to convict the offender. *See Carmell v. Texas,* 529 U.S. 513, 522–25, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000). Appellant argues that applying to his cases the article 42.12, sections 21(e) and 24 due diligence affirmative defense, instead of the broader common law due diligence defense, deprived him of a defense that was available when he committed the original indecency with a child offenses.

---

1. A *capias ad respondendum,* usually simply termed a "capias," is a "writ commanding the sheriff to take the defendant into custody to ensure that the defendant will appear in court." Black's Law Dictionary 200 (7th ed.1999).

2. Appellant complains the trial court's action violated the prohibitions against ex post facto laws found in the constitutions of both the

United States and Texas. We note, however, that appellant has failed to argue that the Texas Constitution provides greater protection than the federal constitution on this matter. Therefore, we address appellant's complaint only under the Ex Post Facto Clause of the United States Constitution. *See Lagrone v. State,* 942 S.W.2d 602, 612 (Tex.Crim.App. 1997).

The State responds that the application of article 42.12 to appellant's cases was merely a procedural change and therefore not a violation of the Ex Post Facto Clause. We disagree with the State's analysis. The State relies, in part, on *Lindquist v. State*, 922 S.W.2d 223 (Tex. App.-Austin 1996, pet. ref'd). In *Lindquist*, the Austin Court of Appeals held that immediate application of the amendment of code of criminal procedure article 38.07 to eliminate the corroboration requirement for certain sexual offenses on the testimony of the victim alone was not a violation of the Ex Post Facto Clause in that case because the change did not alter the State's burden of convincing the fact finder beyond a reasonable doubt. 922 S.W.2d at 228–29. Four years later, however, the United States Supreme Court held that application of this exact statutory amendment in a trial for an offense committed before the amendment's effective date did violate the Ex Post Facto Clause. *See Carmell*, 529 U.S. at 530, 120 S.Ct. 1620; *see also Gagliardo v. State*, 78 S.W.3d 469, 477–78 (Tex.App.-Tyler 2001, pet. ref'd).

In *Carmell*, the Court noted:

A law reducing the quantum of evidence required to convict an offender is as grossly unfair as, say, retrospectively eliminating an element of the offense, increasing the punishment for an existing offense, or lowering the burden of proof.... In each instance, the government refuses, after the fact, to play by its own rules, altering them in a way that is advantageous only to the State, to facilitate an easier conviction. There is plainly a fundamental fairness interest, even apart from any claim of reliance or notice, in having the government abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life.

529 U.S. at 532–33, 120 S.Ct. 1620. The Court specifically distinguished rules concerning the admissibility of evidence from rules concerning whether the properly admitted evidence is sufficient to convict the defendant. *See id.* at 546, 120 S.Ct. 1620. Thus, we reject the State's argument that application of the amended article 42.12 to appellant's cases did not violate the Ex Post Facto Clause because it altered a procedural rule only. The change from the common law due diligence defense to the statutory due diligence affirmative defense was not merely an alteration of procedure. Rather, it was a rule change that decreased the amount of proof necessary for the State to revoke appellant's probation.

■ Nevertheless, we conclude the Ex Post Facto Clause did not apply to appellant's cases. To fall within the ex post facto prohibition, a criminal law must contain two critical elements: first, the law must be retrospective; and second, it must disadvantage the offender affected by it. *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). A law is retrospective if it changes "the legal consequences of acts completed before its effective date." *Id.* The completed "acts" in a probation revocation case are those that make up the underlying offense. *See Johnson v. United States*, 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (holding probation revocation is "not a stage of a criminal prosecution").

■ The prohibition against ex post facto laws does "not give a defendant a right to be tried, in all respects, by the law in force when the crime charged was committed." *Holcomb v. State*, 146 S.W.3d 723, 731 (Tex.App.-Austin 2004, no pet.) (quoting *Gibson v. Mississippi*, 162 U.S. 565, 16

S.Ct. 904, 40 L.Ed. 1075 (1896)). Here, the statutory change to the due diligence defense in probation revocations did not change the legal consequences of appellant's indecency with a child offenses at the time he committed them. The change did not alter appellant's guilt for the underlying offenses in any way, nor did it increase his punishment for them. It altered eventual proceedings in the case that were not a stage in appellant's criminal prosecution and could not be foreseen at the time of appellant's acts. *See Gagnon,* 411 U.S. at 782, 93 S.Ct. 1756. By the time of his probation revocation, appellant possessed the limited due process rights "of one who is a probationer only because he has been convicted of a crime." *Id.* at 789, 93 S.Ct. 1756. A change in how much evidence the State needed to prove appellant's commission of a probation violation by a preponderance of the evidence did not amount to a change of the "legal consequences" of his acts of indecency with a child. *See Miller,* 482 U.S. at 430, 107 S.Ct. 2446. Accordingly, we conclude the application of article 42.12, sections 21(e) and 24 did not amount to a violation of appellant's rights under the Ex Post Facto Clause. We resolve appellant's second issue against him.

In his third issue, appellant complains the State was not diligent in apprehending him and the trial court therefore erred by denying his due diligence motion. Regardless of whether the State in this case was diligent in apprehending appellant, this Court has already determined the common law defense of due diligence was eliminated when the Texas Legislature added sections 21(e) and 24 to code of criminal procedure article 42.12 thereby creating the limited due diligence affirmative defense. *See Nurridin,* 154 S.W.3d at 923–24. The affirmative defense applies only to "revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place." *Id.* (quoting TEX.CODE CRIM. PROC. ANN. art. 42.12, § 24 (Vernon Supp.2005)). The State did not allege appellant violated his probation on either of these grounds. Accordingly, appellant's complaint is without merit. We resolve his third issue against him.

Finally, in his fourth issue, appellant contends the legislature's addition of sections 21(e) and 24 to article 42.12 of the code of criminal procedure did not vitiate the common law due diligence defense but created an additional affirmative defense limited to "a few specific allegations." Appellant cites no authority to support his position. As stated above, this Court has previously held that the common law defense of due diligence was eliminated when the Texas Legislature amended code of criminal procedure article 42.12 to add sections 21(e) and 24 thereby creating the limited due diligence affirmative defense. *See id.* at 923–24; *see also Wheat v. State,* 165 S.W.3d 802, 805 (Tex.App.-Texarkana 2005, pet. dism'd, untimely filed). Accordingly, we also resolve appellant's fourth issue against him.

We affirm the trial court's judgments.