

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00077-CR
_____

FRANKIE LEE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CR-24782

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

For a three-year period beginning December 27, 2004, Frankie Lee Jones was under deferred adjudication community supervision related to a felony charge of assault with family violence. *See* TEX. PENAL CODE ANN. § 22.01 (a), (b)(2) (Vernon Supp. 2008). During that time, the State alleged in its amended motion to adjudicate filed September 18, 2006, in the 217th Judicial District Court in Angelina County,[1] Jones violated the terms of his community supervision in various ways including indecency with a child, aggravated sexual assault of a child, use of cocaine, and various failures to make payments required as part of the community supervision. After some delay, Jones' guilt was adjudicated April 8, 2008, and he was sentenced.[2] On appeal, Jones argues that, because of the delay, the trial court lost jurisdiction to adjudicate his guilt, that the State failed to use due diligence in seeking the adjudication of guilt, and that he was improperly denied the right to secure the alleged sexual-assault victim's testimony at the adjudication hearing. We affirm the trial court's judgment because we hold that (1) the trial court did not lose jurisdiction to adjudicate Jones' guilt, (2) Jones did not preserve his challenge to the State's lack of due diligence, and (3) Jones did not preserve any challenge related to the victim's testimony.

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]The trial court imposed a sentence of six years' imprisonment.

*(1)     The Trial Court Did Not Lose Jurisdiction to Adjudicate Jones' Guilt*

Jones contends the trial court erred by adjudicating his guilt after his community supervision had expired. Generally, a trial court's jurisdiction over a defendant's criminal charge expires once he or she successfully completes the period of deferred community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (Vernon Supp. 2008). Nevertheless,

> [a] court retains jurisdiction to hold a hearing under Subsection (b) [of Article 42.12] and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, *if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.*

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (Vernon Supp. 2008) (emphasis added).

The appellate record shows Jones originally pled guilty December 27, 2004. The trial court accepted Jones' plea, deferred a finding of guilt, and placed Jones on community supervision for a period of three years. The conditions of Jones' community supervision were subsequently modified several times, but the appellate record does not indicate that the term of supervision was extended beyond the three-year period. Thus, Jones' term of deferred adjudication was set to expire December 26, 2007.

The record shows that the State filed a motion to adjudicate guilt July 19, 2006, and that a warrant (capias) was issued and returned August 3, 2006,[3] well before the December 26, 2007, scheduled expiration of Jones' community supervision. Accordingly, Article 42.12, Section 5(h) of

---

[3]On September 18, 2006, the State filed a first amended motion to adjudicate. That was also well before the expiration of Jones' community supervision.

3

the Texas Code of Criminal Procedure authorized the trial court to continue exercising jurisdiction beyond the scheduled expiration of Jones' community supervision. *Cf. Ramirez v. State*, 184 S.W.3d 392, 394 (Tex. App.—Dallas 2006, no pet.). The trial court had jurisdiction to adjudicate Jones' guilt when it did. We overrule that appellate issue.

*(2)     Jones Did Not Preserve His Challenge to the State's Lack of Due Diligence*

Jones also contends on appeal that the trial court erred by not granting his motion to strike the State's amended motion to adjudicate Jones' guilt. Jones contends that the trial court erred in this instance because it continued the hearing on the adjudication motion for a period of nineteen months, extending the final hearing to a date nearly four months after the underlying period of community supervision was scheduled to expire. Jones contends the State failed to use due diligence in prosecuting the adjudication motion, thus denying Jones due process of law.[4]

---

[4]Jones actually filed two different motions to strike. The entirety of the substantive portion of Jones' first motion stated,

> COMES NOW FRANKIE LEE JONES, by and through his attorney of record and would show this Court that he stands before the bar facing allegations that he has done or left undone certain acts that were ordered and that said commissions or omissions constitute sufficient reason(s) to adjudicate his guilt to the offense of Family Violence for which he was assessed a punishment, upon a plea of guilty, of three (3) years Deferred Adjudication.
>
> I.
>
> Subsequent to the alleged occurrence of certain acts or omissions in reference to the Defendant receiving Deferred Adjudication the Defendant found himself facing additional felony allegations not related to the offense to which the State now seeks to adjudicate his guilt.

4

## II.

Defendant is of the opinion that the new felony offense for which he has entered a please [sic] of not guilty, as to one count, and has not yet been arraigned on a second count should not and cannot be used to adjudicate his guilt as to the prior offense to which he pled guilty.

## III.

Said allegations mentioned *supra* should be struck from the State's Motion to Adjudicate Guilt, and the State should be forbade from such assertions to the Court or the record herein.

The entirety of Jones' second motion to strike the district attorney's pleadings stated the

following:

COMES NOW FRANKIE JONES, Movant herein, by and through his attorney of record . . . and files this his Motion to Strike State's Pleadings in State's Motion to Adjudicate Guilt and would show this Honorable Court as follows:

### I.

That on or about the 27th day of December 2004, the Defendant, Movant herein (the Movant), was placed, by reason of a guilty plea, on deferred adjudication for a period of three (3) years beginning on 27 December 2004 and concluding on 27 December 2007.

### II.

Movant would show that the State, by and through the office of the District Attorney of Angelina County, Texas, filed pleadings to adjudicate Movant's guilt, alleging several or more instances of the Movant's failure to abide by the terms and conditions imposed by the Court at the time Movant was placed on deferred adjudication.

Further, Movant would show that a hearing was commenced by order of the Court in the State's Amended Motion to Adjudicate Probation (titled by the official Court Reporter) on the 2nd day of October 2006 and continued by order of the Court on that same date.

### III.

Movant would further show that a Continuation of Hearing on Amended Motion to Adjudicate Probation (titled by the official Court Reporter) commenced on the 19th day of October 2006. After testimony was taken for several hours, the

5

As a prerequisite to presenting an issue for appellate review, a party must generally raise the issue first with the trial court. *See* TEX. R. APP. P. 33.1. The appellate record shows Jones' due-diligence issue, that is, that the State failed to exercise due diligence in prosecuting its amended motion to adjudicate guilt, was not raised in the trial court. The record further indicates that Jones himself requested at least one continuance during the pendency of the State's motion to adjudicate guilt. Thus Jones both failed to object to, and contributed to, the cause of his appellate complaint—the long, nineteen-month delay.[5] Because Jones did not first raise this issue in the trial court, he failed to preserve it for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *and cf. Prior v. State*, 795 S.W.2d 179, 185 (Tex. Crim. App. 1990) (citing and extending *Hardman v. State*, 614 S.W.2d 123 (Tex. Crim. App. 1982) (error preservation requirement in deferred adjudication cases where defendant fails to claim at trial that State did not diligently prosecute revocation motion).

---

Court announced that it was going to **abate** the hearing. Thereafter, no action was taken by the Court or by the State until March 26, 2008.

At that time, the State requested the Court continue the hearing mentioned *supra* that had been **abated** by the order of the Court.

Movant would show that the probation on the Deferred Adjudication disposition expired in December 2007, thereby making the State's request for a hearing out of time.

For the reasons set out *supra*, the Movant requests that the State's Pleadings be struck and the Defendant be released of the Deferred Adjudication in the above styled and numbered cause.

[5]We also note Jones was free on bond during many of these nineteen months.

*(3)    Jones Did Not Preserve Any Challenge Related to the Victim's Testimony*

Finally, Jones asserts the trial court "denied his due process right [a]s guaranteed under Article 1.04, Texas Code of Criminal Procedure." He contends the trial court's conduct denied him the right to have compulsory process for obtaining witnesses in his favor under the Sixth Amendment.

The first allegation in the State's amended motion to adjudicate guilt alleged Jones committed several new offenses, including indecency with a child and aggravated sexual assault of a child. At the October 19, 2006, hearing, Jones sought to obtain the testimony of the alleged victim of those new offenses. The State objected, and the trial court conferred in its chambers with the attorneys for both sides. We have no record of this recess conference. When the hearing resumed, the trial court stated,

> THE COURT: Please be seated. Would you call the witnesses into the room, please?
> Okay. We're back upon the record in Cause No. 24,782. And what I wanted to tell everybody is that I'm going to abate the hearing. What that means is put off the hearing until after the conclusion of Mr. Jones' indecency cases and sexual offense cases.
> And there's several reasons for that. One is that - - I don't know how to explain it in a simple manner, but there are different standards of what has to be proved and how much proof there has to be in this hearing as opposed to the new cases. The new cases is [sic] beyond a reasonable doubt. They have to be proven to a jury or a judge, however that case is tried.
> And in this case it is less than that, which is preponderance of the evidence, which means more likely than not. And getting into the testimony of the child, which the child could testify here. They have the right to call her, but they also have the right to call her in a criminal trial. You have a case that's five to 99 on two counts

7

is the range of punishment, and which I take that as more serious than the two to ten in this case.

And it's my feeling that those issues ought to be decided on that higher standard of proof and punishment. And if the child is going to testify, testify once. Okay? Because an adult may have problems testifying more than once and getting it straight, and I don't want that testimony to be confused by any prior questioning and answering, whether it is from the State or from the defense. And that's too important to everybody, including Mr. Jones, because of the risks to him in that five to 99, obviously. So that's why I'm putting it off to let that trial go forward and that testimony to be gotten the one time and try to make it, that testimony, as accurate as possible.

Anybody have any questions? That doesn't mean we have to start over from beginning to come back to finish this. We can start from this point forward if we have to come back and finish this hearing.

Mr. Moss? Any questions?

[DEFENSE COUNSEL]: No, sir, not in regard to that.

The record does not show that Jones objected to the trial court's decision to abate the adjudication proceedings in favor of allowing the new criminal charges to proceed to trial. After the abatement, when the hearing was resumed April 1, 2008, Jones again failed to object to the trial court's earlier abatement procedure. In fact, when provided the opportunity at the resumed hearing to call the victim of the alleged new offenses, Jones expressly waived his right to call any additional witnesses and rested his defense.

In 1997, the Second Court of Appeals faced a somewhat similar situation. The State's sole punishment witness had finished testifying one afternoon, but he did not appear the next morning when the trial resumed. The record showed the defendant had permitted the trial court to excuse the witness without first reserving his right to recall the at-issue witness at a later point in the trial; he

8

agreed with the trial court's decision to excuse the witness, but later raised an objection once the witness had left the courtroom. On appeal, he argued the trial court had violated his right to confront the witnesses against him. The court of appeals disagreed, concluding he had waived his confrontation claim by not originally objecting to the witness being finally excused by the trial court. *Miller v. State*, 940 S.W.2d 810, 815–16 (Tex. App.—Fort Worth 1997, pet. ref'd).

In this case, Jones raised no trial objection—not even an untimely one—to the trial court's decision to abate the October 19, 2006, hearing. And he specifically failed to assert any claim that this decision violated his right to confront the victim of the offenses that had been made part of the State's allegations in its motion to adjudicate guilt. He further failed both to raise a Confrontation-Clause objection to the earlier abatement when given an opportunity once the adjudication hearing resumed and to attempt to call that same witness he had earlier sought to have testify. Accordingly, we conclude Jones has failed to preserve this final issue for our review. *See* TEX. R. APP. P. 33.1.

The trial court did not lose jurisdiction December 27, 2007, over the State's pending (amended) motion to adjudicate Jones' guilt because the record shows the motion had been timely filed and a capias issued before the scheduled expiration of Jones' period of community supervision.

9

Jones' remaining issues were not first raised to the trial court and, therefore, not preserved for appellate review.  Accordingly, we affirm the trial court's judgment.


                                                    Josh R. Morriss, III
                                                    Chief Justice


Date Submitted:        November 19, 2008
Date Decided:          December 10, 2008

Do Not Publish