

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00071-CR

Jose Santos Acosta **ISIDRO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 22nd District Court, Comal County, Texas
Trial Court No. CR2001-98
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  October 9, 2013

AFFIRMED

Jose Santos Acosta Isidro appeals the trial court's judgment adjudicating his guilt and sentencing him to twenty years' imprisonment. On appeal, Isidro asserts: (1) he is entitled to a new trial to determine the voluntariness of his original plea; (2) the evidence is insufficient to support the sentence imposed; (3) the sentence imposed constitutes cruel and unusual punishment; and (4) the sentencing procedure and sentence imposed violate procedural due process, substantive due process, and the ex post facto clause. We affirm the trial court's judgment.

## BACKGROUND

Isidro was charged in a four-count indictment with two counts of indecency with a child, one count of attempted aggravated sexual assault, and one count of aggravated sexual assault. In accordance with a plea bargain agreement, the State proceeded on only one count of indecency with a child, which was a second degree felony with a sentencing range from two to twenty years' imprisonment. On December 16, 2002, Isidro pled guilty and was placed on ten years' deferred adjudication community supervision. On August 16, 2010, the State filed a motion to adjudicate Isidro's guilt, alleging that Isidro had been convicted of illegal entry into the United States after being deported and failed to pay his monthly community supervision and sexual assault program fees. Based on Isidro's plea of true to the violations, the trial court adjudicated his guilt and sentenced him to twenty years' imprisonment.

## ORIGINAL PLEA

In his first point of error, Isidro asserts he is entitled to a new trial to determine the voluntariness of his original plea. "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding … only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Isidro did not appeal from the order granting deferred adjudication, and this court is without jurisdiction to consider his issue relating to the voluntariness of his original plea in this appeal. *Id*.

## SUFFICIENCY OF THE EVIDENCE

Isidro next challenges the legal and factual sufficiency of the evidence to support the sentence imposed by the trial court. Initially, we note that the Texas Court of Criminal Appeals has clarified that the only standard a reviewing court applies in determining the sufficiency of

evidence is the *Jackson v. Virginia*[1] legal-sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Moreover, a trial court's decision regarding what sentence to impose is a "normative process, not intrinsically factbound." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls with the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id*. at 323-24. Therefore, we do not review the sentence imposed by the trial court under a sufficiency of the evidence standard. *See id.*, *see also Jarvis v. State*, 315 S.W.3d 158, 161-62 (Tex. App.—Beaumont 2010, no pet.).

### CRUEL AND UNUSUAL PUNISHMENT

In his third point of error, Isidro contends the imposition of the maximum sentence of twenty years' imprisonment constituted cruel and unusual punishment because the initial plea bargain capped the sentence at ten years and the nature of the community supervision violations did not warrant the maximum sentence. Generally, sentences falling within the statutory limits are not considered excessive. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Smith v. State*, 256 S.W.3d 341, 343-44 (Tex. App.—San Antonio 2007, no pet.). A sentence may, however, violate the Eighth Amendment if it is grossly disproportionate to the offense committed. *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Smith*, 256 S.W.3d at 344. In analyzing a proportionality challenge, we consider: (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 392; *State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.). We need only consider the second and third factors,

---

[1] 443 U.S. 307 (1979).

however, if we determine that the sentence is grossly disproportionate to the offense after comparing the gravity of the offense against the severity of the sentence. *Solem*, 463 U.S. at 392; *see also Smith*, 256 S.W.3d at 344. In judging the gravity of the offense, we consider the "harm caused or threatened to the victim or society, and the culpability of the offender." *Solem*, 463 U.S. at 292.

We initially note that the trial judge was not bound by the cap agreed to in relation to the original plea. The bargain with regard to the cap was satisfied by the initial sentence of deferred adjudication community supervision. *Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (quoting *Ditto v. State*, 988 S.W.2d 236, 239 (Tex. Crim. App. 1999)). "'[O]nce the trial court proceeds to adjudication, it is restricted in the sentence only by the relevant statutory limits.'" *Id.* (quoting *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999)).

We also note that Isidro relies heavily on the nature of his probation violations to challenge the sentence imposed by the trial court. As previously noted, however, our focus is on the gravity of the offense for which Isidro is being sentenced. *See Atchison v. State*, 124 S.W.3d 755, 760 (Tex. App.—Austin 2003, pet. ref'd) ("the correct question [is] whether the twenty-year sentence was warranted by the crime for which appellant was convicted, and not whether it was warranted by the supervisory violations proved at the adjudication hearing"). In this case, the offense is indecency with a child, and the record reveals that the victim of the offense was Isidro's nine-year-old stepson. The child reported that Isidro had abused him on numerous occasions over a three and one-half year period, which included Isidro penetrating the child's anus with his penis even after the child screamed from the pain. The abuse was discovered by the victim's mother who found Isidro in her son's bedroom with his pants removed, attempting to penetrate her son's anus. The sexual assault nurse examiner found numerous tears and abrasions to the victim's anus consistent with the described abuse. Given the gravity of the offense and the harm caused to the

victim, we hold that the imposition of the maximum sentence of twenty years' imprisonment is not grossly disproportionate to the offense.

## DUE PROCESS AND EX POST FACTO CLAUSE

In his final point of error, Isidro asserts, "The sentencing procedure utilized and the maximum sentence imposed violate procedural due process, substantive due process, and the ex post facto clause." The State contends this issue is multifarious. We agree. Isidro's complaint is multifarious because it is based on more than one legal theory. *Davis v. State*, 329 S.W.3d 798, 820 (Tex. Crim. App. 2010). "As an appellate court, we may refuse to review a multifarious issue or we may elect to consider the issue if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made." *Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd); *see also Davidson v. State*, 249 S.W.3d 709, 717 n.2 (Tex. App.—Austin 2008, pet. ref'd).

The only alleged error that we can discern with reasonable certainty from the argument raised in Isidro's brief is his complaint that the application of article 42.12, sections 21(e) and 24 of the Texas Code of Criminal Procedure violated the Ex Post Facto Clause. Isidro contends the application of the due diligence affirmative defense in article 42.12, sections 21(e) and 24 deprived him of the broader common law due diligence defense that was available when he committed the original offense.[2] As the State notes, however, this same argument was rejected by our sister court in *Ramirez v. State*, 184 S.W.3d 392, 394-96 (Tex. App.—Dallas 2006, no pet.).

---

[2] The common law due diligence defense required the State to prove by a preponderance of the evidence that it used due diligence in executing a capias and holding a hearing on a motion to revoke where the defendant was apprehended after the expiration of his probation term. *Ramirez v. State*, 184 S.W.3d 392, 394 (Tex. App.—Dallas 2006, no pet.). This defense was replaced by the statutory defense in Article 42.12, section 24 which applies only to allegations of the probationer's failure to report or failure to remain in a specified place and requires only that the State attempt to contact the probationer at his last known residence address or last known employment address. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (West Supp. 2012).

In *Ramirez*, the Dallas court first noted that in order for a law to violate the ex post facto prohibition, the law must be retrospective by changing "'the legal consequences of acts completed before its effective date, and "[t]he completed 'acts' in a probation revocation case are those that make up the underlying offense." *Id*. at 395 (quoting *Miller v. Florida*, 482 U.S. 423, 430 (1987)). The court then held that the statutory change to the due diligence defense in Article 42.12, sections 21(e) and 24 did not violate the ex post facto clause, reasoning:

> The prohibition against ex post facto laws does "not give a defendant a right to be tried, in all respects, by the law in force when the crime charged was committed." *Holcomb v. State*, 146 S.W.3d 723, 731 (Tex. App.—Austin 2004, no pet.) (quoting *Gibson v. Mississippi*, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896)). Here, the statutory change to the due diligence defense in probation revocations did not change the legal consequences of appellant's indecency with a child offenses at the time he committed them. The change did not alter appellant's guilt for the underlying offenses in any way, nor did it increase his punishment for them. It altered eventual proceedings in the case that were not a stage in appellant's criminal prosecution and could not be foreseen at the time of appellant's acts. *See Gagnon*, 411 U.S. at 782, 93 S.Ct. 1756. By the time of his probation revocation, appellant possessed the limited due process rights "of one who is a probationer only because he has been convicted of a crime." *Id.* at 789, 93 S.Ct. 1756. A change in how much evidence the State needed to prove appellant's commission of a probation violation by a preponderance of the evidence did not amount to a change of the "legal consequences" of his acts of indecency with a child. *See Miller*, 482 U.S. at 430, 107 S.Ct. 2446. Accordingly, we conclude the application of article 42.12, sections 21(e) and 24 did not amount to a violation of appellant's rights under the Ex Post Facto Clause.

*Ramirez*, 184 S.W.3d at 395-96. We agree with this analysis and overrule Isidro's fourth point of error.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH