**Ronald Douglas SMITH, Appellant**

v.

**The STATE of Texas, Appellee.**

Nos. 04–06–00734–CR to
04–06–00737–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 5, 2007.

---

Kurtis S. Rudkin, Law Office of Kurtis S. Rudkin, Boerne, TX, for Appellant.

E. Bruce Curry, District Atty., 216th Judicial District Court, Kerrville, TX, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice.

## MEMORANDUM OPINION

Opinion by REBECCA SIMMONS, Justice.

On May 23, 2006, Appellant Ronald Douglas Smith entered a plea of guilty, without an agreement on punishment, to four felony offenses: organized criminal activity, possession of a controlled substance within a drug free zone, possession of certain chemicals with intent to manufacture, and possession of methamphetamine. After a pre-sentence investigation report and a lengthy sentencing hearing, the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of twenty-five years for the organized criminal activity, ten years for the possession of a controlled substance within a drug free zone, and fifteen years each for the possession of chemicals with intent to manufacture and possession of methamphetamine. The trial court further ordered the sentences to run concurrently.

### ANDERS V. CALIFORNIA

Smith's court-appointed attorney filed a brief containing a professional evaluation of the record, allegedly in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). At one point in the brief, Smith's counsel concludes that the appeal has no merit. However, the brief also requests this court find Smith's sentences are "grossly disproportionate" to the offenses and in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. U.S. CONST. amend. VIII. Because we find ourselves in the same "procedural quagmire" identified in *Bruns v. State,* 924

S.W.2d 176, 177 (Tex.App.-San Antonio 1996, no pet.), we must question whether Smith's counsel intended the brief to comply with *Anders.*

In *Anders,* the Supreme Court outlined an appellate counsel's role as an advocate requiring "[counsel] support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders,* 386 U.S. at 744, 87 S.Ct. 1396. Although counsel provided Smith with a copy of the brief, informed him of his right to review the record and file his own brief, and filed a motion to withdraw, he also requests this court to find the sentences are in fact disproportionate, and to "disregard any contention that this appeal is frivolous and remand the matter to the trial court." This request violates the frivolous findings required in *Anders. See also Nichols v. State,* 954 S.W.2d 83, 85–86 (Tex.App.-San Antonio 1997, no pet.); *Bruns,* 924 S.W.2d at 177 n. 1. Accordingly, we address the merits of Smith's claims regarding his sentences being cruel, unusual and disproportionate to the offenses committed.

### CRUEL AND UNUSUAL PUNISHMENT

■ At the time of trial, Smith made no objection to his sentence. Additionally, he did not file any post-trial motions or objections, under constitutional or other grounds, to the "alleged disparity, cruelty, unusualness or excessiveness of the sentences." *Trevino v. State,* 174 S.W.3d 925, 927 (Tex.App.-Corpus Christi 2005, pet. ref'd) (citing *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App.1986) (holding that

even constitutional claims can be waived by failing to object)). To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection and obtain a ruling. TEX.R.APP. P. 33.1(a); *Blue v. State,* 41 S.W.3d 129, 131 (Tex. Crim.App.2000) (en banc).[1]

■ Assuming Smith's claim was properly preserved, Smith's sentences were within the statutorily prescribed punishment ranges. Specifically, Smith's twenty-five year sentence for the first degree organized criminal activity fell within the five to ninety-nine years allowed by Texas Penal Code section 71.02; ten years for the third degree possession of a controlled substance within a drug free zone is within the two to ten years as prescribed by Texas Penal Code section 481.134(d); and fifteen years each for the second degree felonies of possession of chemicals with intent to manufacture and possession of methamphetamine is within the two to twenty year range as set forth in Texas Penal Code sections 481.124 and 481.115(d). *See* TEX. PENAL CODE ANN. § 71.02 (Vernon 2006). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115, 481.124, 481.134 (Vernon 2003 & Supp.2006). In its analysis of the question of proportionality, the Texas Court of Criminal Appeals has consistently held that a sentence falling within the statutorily prescribed range of punishment for a given offense does not violate the prohibition against cruel and unusual punishment. U.S. CONST. amend. VIII. *See also Davis v. State,* 905 S.W.2d 655, 664 (Tex.App.-Texarkana 1995, pet. ref'd) (citing *Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App.1983) (holding that

---

1. *See also Solis v. State,* 945 S.W.2d 300, 301 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate sentence violative of Eighth Amendment was forfeited by failure to object); *Quin-*

*tana v. State,* 777 S.W.2d 474, 479 (Tex.App.-Corpus Christi 1989, pet. ref'd) (holding that failure to object to a sentence as cruel and unusual forfeits error).

punishment which falls within the limits prescribed by a valid statute is not excessive, cruel or unusual)); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973). Smith's punishment falls within the range prescribed by the legislature and is therefore not prohibited as cruel, unusual or excessive. *See Davis,* 905 S.W.2d at 664; *Harris,* 656 S.W.2d at 486; *Jordan,* 495 S.W.2d at 952. We, therefore, overrule Smith's first issue on appeal.

We next address whether the sentences violate the Eighth Amendment prohibition against being grossly disproportionate to the offenses committed. *See Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Solem,* the Supreme Court set forth three objective criteria for appellate courts analyzing proportionality claims: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. Yet, only upon a determination that a sentence is grossly disproportionate to the offense does an appellate court consider the remaining two factors. *Id.; see also Ajisebutu v. State,* 236 S.W.3d 309, 313 (Tex.App.-Houston [1st Dist.] 2007, pet. filed).[2]

Here, Smith entered a plea of guilty to several offenses, including organized criminal activity, and involvement in the manufacturing and distribution of methamphetamine. Although he attempted to minimize his participation in the offenses during the punishment hearing, the evidence supported that he was a major ac-

tor in the activities. Moreover, as the trial court stressed, he was using his residence as a staging area and laboratory for the manufacturing of methamphetamine. He purchased the chemicals, "cooked" the chemicals and involved over thirty-five individuals, including his nephew, in his scheme. Having considered the foregoing evidence, we cannot say the trial court's determination was disproportionate to the conduct proven in this case. *Solem,* 463 U.S. at 292, 103 S.Ct. 3001. Accordingly, we need not address the remaining *Solem* factors. *Id.* We, therefore, affirm the judgment of the trial court.

## CONCLUSION

Because the sentences imposed by the trial court were neither cruel, unusual nor excessive, we affirm the judgment of the trial court. Additionally, counsel's brief does not comply with *Anders,* and thus counsel's motion to withdraw is moot. *Nichols,* 954 S.W.2d at 86; *Bruns,* 924 S.W.2d at 177 n. 1.

---

**2.** Although Smith points to *Solem* as authority for his sentences being grossly disproportionate, we acknowledge the necessity to review *Solem* in light of the Supreme Court's opinion in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *See McGruder v. Puckett,* 954 F.2d 313, 315–16 (5th Cir.1992) (noting that, in *Harmelin,* five members of the Supreme Court rejected application of the three-factor test, although seven of the justices supported an Eighth Amendment prohibition against grossly disproportionate sentences).