Opinion filed July 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00120-CR

                                                    __________

 

                                       SONYA
ANAYA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR34630



 

                                            M
E M O R A N D U M   O P I N I O N

            Upon
her plea of guilty, the trial court convicted Sonya Anaya of arson.  After a
hearing on punishment, the trial court assessed punishment at twenty years confinement. 
We affirm.

            Appellant
was living with Natividad Rodriguez IV and his family.  One night, appellant went
into Natividad’s room and woke him.  Natividad heard a “popping noise.”  Natividad
went to the storage room and saw a small fire that he was able to extinguish.  When
Natividad returned to his bedroom, he saw appellant setting fire to his
clothes.  Natividad stated that part of his closet was already on fire and that
appellant was continuing to set other fires.  Natividad was not able to extinguish
the fires.  He called 9-1-1, woke his family, and got everyone out of the
house.  The house was considered a “total loss” by the insurance company, and
the Rodriguez family was unable to live in the residence.

            In
her first issue on appeal, appellant argues that her punishment is excessive
and “unduly harsh.” Appellant was convicted of arson, a first degree felony. Tex. Penal Code Ann. § 28.02(d)(2)
(Vernon Supp. 2009).  A person found guilty of a first degree felony “shall be
punished by imprisonment . . . for life or for any term of not more than 99
years or less than 5 years.” Tex. Penal
Code Ann. § 12.32(a) (Vernon Supp. 2009).  Appellant’s sentence of
twenty years is at the lower end of the punishment range.    A sentence that
falls within the limits prescribed by a valid statute is not excessive, cruel,
or unusual.  Smith v. State, 256 S.W.3d 341, 344 (Tex. App.—San Antonio
2007, no pet.).  

            Moreover,
in order to preserve error for review of an excessive-sentence claim, a
defendant must present to the trial court a timely request, objection, or
motion stating the specific grounds for the ruling desired.  Tex. R. App. P. 33.1(a); Noland v.
State, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d). 
Appellant neither objected to her sentence at trial, nor did she file any
posttrial motions or objections to the excessiveness of her sentence. 
Appellant has not preserved her complaint for review.  We overrule appellant’s
first issue on appeal.

            In
her second issue on appeal, appellant complains that the State made improper
closing remarks.  Appellant specifically complains of the State’s comment that
appellant had a “lifetime” of drug abuse.  Appellant testified during the
punishment hearing that she had used drugs for a long period of time and that
she had a pattern of abusing drugs.  Appellant further testified, “I’ve been
using drugs off and on, off and on all my life.”  The prosecution is afforded a
wide degree of latitude in drawing reasonable deductions from the evidence so
long as the inferences drawn are reasonable, fair, legitimate, and offered in
good faith.   Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988);
Smith v. State, 114 S.W.3d 66, 72 (Tex. App.—Eastland 2003, pet.
ref’d).   We find that the State’s argument was a reasonable deduction from the
evidence presented during the punishment phase of the trial.  Smith, 114
S.W.3d at 73.  Moreover, appellant did not object to the State’s comment and
has failed to preserve her complaint for review.  Rule 33.1(a).  We overrule
appellant’s second issue on appeal.




 

            We
affirm the trial court’s judgment.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

July 29, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.