**Opinion filed July 29, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00120-CR
_____

## SONYA ANAYA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR34630**

### M E M O R A N D U M   O P I N I O N

Upon her plea of guilty, the trial court convicted Sonya Anaya of arson. After a hearing on punishment, the trial court assessed punishment at twenty years confinement. We affirm.

Appellant was living with Natividad Rodriguez IV and his family. One night, appellant went into Natividad's room and woke him. Natividad heard a "popping noise." Natividad went to the storage room and saw a small fire that he was able to extinguish. When Natividad returned to his bedroom, he saw appellant setting fire to his clothes. Natividad stated that part of his closet was already on fire and that appellant was continuing to set other fires. Natividad was not able to extinguish the fires. He called 9-1-1, woke his family, and got everyone out of the

house. The house was considered a "total loss" by the insurance company, and the Rodriguez family was unable to live in the residence.

In her first issue on appeal, appellant argues that her punishment is excessive and "unduly harsh." Appellant was convicted of arson, a first degree felony. TEX. PENAL CODE ANN. § 28.02(d)(2) (Vernon Supp. 2009). A person found guilty of a first degree felony "shall be punished by imprisonment . . . for life or for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE ANN. § 12.32(a) (Vernon Supp. 2009). Appellant's sentence of twenty years is at the lower end of the punishment range. A sentence that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *Smith v. State*, 256 S.W.3d 341, 344 (Tex. App.—San Antonio 2007, no pet.).

Moreover, in order to preserve error for review of an excessive-sentence claim, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Appellant neither objected to her sentence at trial, nor did she file any posttrial motions or objections to the excessiveness of her sentence. Appellant has not preserved her complaint for review. We overrule appellant's first issue on appeal.

In her second issue on appeal, appellant complains that the State made improper closing remarks. Appellant specifically complains of the State's comment that appellant had a "lifetime" of drug abuse. Appellant testified during the punishment hearing that she had used drugs for a long period of time and that she had a pattern of abusing drugs. Appellant further testified, "I've been using drugs off and on, off and on all my life." The prosecution is afforded a wide degree of latitude in drawing reasonable deductions from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Smith v. State*, 114 S.W.3d 66, 72 (Tex. App.—Eastland 2003, pet. ref'd). We find that the State's argument was a reasonable deduction from the evidence presented during the punishment phase of the trial. *Smith*, 114 S.W.3d at 73. Moreover, appellant did not object to the State's comment and has failed to preserve her complaint for review. Rule 33.1(a). We overrule appellant's second issue on appeal.

We affirm the trial court's judgment.


JIM R. WRIGHT

CHIEF JUSTICE


July 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.