



# MEMORANDUM OPINION

No. 04-12-00244-CR

Adrian Dwayne **GRAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 3rd District Court, Anderson County, Texas
Trial Court No. 30491
Honorable Pam Fletcher, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: November 14, 2012

AFFIRMED

Adrian Dwayne Gray entered an open plea to the offense of possession of a controlled substance[1] and was sentenced by the trial court to four years imprisonment. The sole issue presented in this appeal is whether the sentence imposed by the trial court was excessive or grossly disproportionate to the offense.

---

[1] The controlled substance was N-benzylpiperazine, commonly known as ecstasy, which is classified as a Penalty Group 2 controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.103(a) (West Supp. 2012).

**WAIVER**

The State initially asserts that Gray waived his complaint. "To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection and obtain a ruling." *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.); *see also* TEX. R. APP. P. 33.1(a). At the time of trial, Gray did not make any objection to his sentence, nor did he file any post-trial motions or objections asserting his sentence was excessive or grossly disproportionate under constitutional or other grounds. *See Smith*, 256 S.W.3d at 343. Accordingly, Gray's issue was not preserved for our review.

**EXCESSIVE PUNISHMENT**

Even assuming Gray's complaint was properly preserved, his sentence was within the statutorily-prescribed punishment range. Specifically, his four year sentence for the third degree felony of possession of a controlled substance fell within the two to ten years allowed by section 12.34(a) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2011); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.116(c) (West 2010) (classifying Gray's possession offense as a third degree felony). In its analysis of the question of proportionality, the Texas Court of Criminal Appeals has consistently held that a sentence falling within the statutorily-prescribed range of punishment for a given offense is not excessive. *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Smith*, 256 S.W.3d at 343-44. Because Gray's sentence falls within the statutorily-prescribed range, his sentence is not excessive.

**GROSSLY DISPROPORTIONATE SENTENCE**

"A narrow exception to the general rule that a sentence within the statutory limits is not excessive, cruel, or unusual is recognized when the sentence is grossly disproportionate to the offense." *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). The United States Supreme Court has set forth three objective criteria for appellate courts to use in analyzing proportionality claims: "'(i) the gravity of the offense and the harshness of the penalty; (ii) the sentence imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.'" *Smith*, 256 S.W.3d at 344 (quoting *Solem v. Helm*, 463 U.S. 277, 292 (1983)). Although three criteria are listed, the second and third criteria are considered only after the appellate court applies the first criteria and determines the sentence is grossly disproportionate to the offense. *Id*. In evaluating the first criteria, we consider the seriousness of the defendant's most recent offense, not standing alone, but in light of his prior offenses. *Buster v. State*, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.); *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Moore v. State*, 54 S.W.3d 529, 543 (Tex. App.—Fort Worth 2001, pet. ref'd).

In this case, Gray pled guilty to possessing the controlled substance which he had in his shoe when he was arrested in January of 2011 on a warrant to revoke his probation for a prior offense of possession of marijuana. Gray was placed on probation for the prior offense in January of 2009, and the State moved to revoke his probation based on his commission of the offense of assault causing bodily injury in September of 2010. Gray was convicted of the assault offense in May of 2011. In June of 2011, Gray's bond pending his trial for the instant offense was revoked after he tested positive for use of marijuana. Comparing the gravity of Gray's offense to the severity of his sentence, which fell at the low end of the statutory punishment

range, we hold Gray's sentence is not grossly disproportionate to the offense. Therefore, we need not address the other two criteria.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH