

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00242-CR

Donte **HOUSTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 349th District Court, Houston County, Texas
Trial Court No. 11CR-033
The Honorable Mark A. Calhoon, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  February 6, 2013

AFFIRMED

Appellant Donte Houston was indicted for the offense of assault on a public servant.  The jury convicted him of the third degree felony of assault on a public servant and assessed punishment at seven years' imprisonment with no fine.  *See* TEX. PENAL CODE ANN. § 22.01 (West 2011).

In his sole point of error, Houston contends his sentence is grossly disproportionate to the convicted offense, thereby violating his Eighth Amendment right to freedom from cruel and unusual punishment, as well as his corresponding right under the Texas Constitution.  *See* U.S.

CONST. amend. VIII; TEX. CONST. art. I, § 13. The State responds that Houston waived this point of error when he failed to object to the length of his sentence during the sentencing hearing. The State also argues that even if Houston properly preserved his point of error for appeal, his sentence was not grossly disproportionate considering his criminal history and parole eligibility.

CRUEL AND UNUSUAL PUNISHMENT

**A. Preservation of Error**

"To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection and obtain a ruling." *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.); *see* TEX. R. APP. P. 33.1(a). "The failure to specifically object to an alleged disproportionate sentence in the trial court or in a post-trial motion waives any error." *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *accord Smith*, 256 S.W.3d at 343. At the time of trial, Houston did not object to the allegedly disproportionate sentence, nor did he file any post-trial motions or objections. Therefore, Houston failed to preserve this issue for appeal. *See Jacoby*, 227 S.W.3d at 130; TEX. R. APP. P. 33.1(a).

**B. Grossly Disproportionate Sentence**

Even assuming Houston properly preserved his complaint, we conclude that his sentence does not amount to cruel and unusual punishment under the United States Constitution or the Texas Constitution. Generally, sentences falling within the statutory limits are not considered excessive. *Smith*, 256 S.W.3d at 343–44; *see Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (holding that a sentence falling within the range prescribed by the legislature was not excessive or cruel and unusual); *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968) ("If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment."). Here, Houston's seven year sentence for

assault on a public servant, a third degree felony, was within the two to ten year range allowed by section 12.34(a) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.34.

A narrow exception to this general rule exists when the sentence is grossly disproportionate to the offense. *See Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006); *Smith*, 256 S.W.3d at 343–34. "Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test . . . ." *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *see Smith*, 256 S.W.3d at 344. The United States Supreme Court has set forth three objective factors that guide appellate review in Eighth Amendment cases: (i) "the gravity of the offense and the harshness of the penalty"; (ii) "the sentences imposed on other criminals in the same jurisdiction"; and (iii) "the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292. Our threshold consideration is the gravity of Houston's offense compared with the severity of his sentence. *See McGruder*, 954 F.2d at 316; *Smith*, 256 S.W.3d at 344.

In this case, Houston pled not guilty to the third degree felony offense of assault on a public servant.[1] The jury convicted Houston after hearing his testimony that he struck a sergeant jailer in the head. *See* TEX. PENAL CODE ANN. § 22.01. Houston asked to have his punishment assessed by the jury. Among the evidence before the jury during the punishment phase was Houston's prior felony conviction for possession of a controlled substance and a previous burglary conviction. Houston testified that he received probation for each offense, and that his probation was subsequently revoked for both offenses. The jury also heard evidence of Houston's numerous write-ups for at least ten to fifteen other incidents occurring during his detention in the county jail, including disobeying jailer orders, yelling and cursing at other jail

---

[1] During the jury trial, Houston decided to release his attorney and represent himself.

employees, and beating his food tray on windows and bunks. The jury sentenced Houston to seven years' imprisonment with no fine.

Comparing the gravity of Houston's offense to the severity of the sentence assessed, we conclude Houston's sentence is not grossly disproportionate to the offense. *See McGruder*, 954 F.2d at 316; *Smith*, 256 S.W.3d at 344. Therefore, we need not address the remaining *Solem* factors. *See McGruder*, 954 F.2d at 316; *Smith*, 256 S.W.3d at 344. Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH