

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00532-CR

Edward Lee **CARTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR1674
The Honorable Angus McGinty, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  November 12, 2014

AFFIRMED

Edward Lee Carter was convicted by a jury of two counts of aggravated sexual assault of a child and three counts of indecency with a child. On appeal, Carter raises two issues asserting the trial court abused its discretion in admitting expert testimony because: (1) the court applied an incorrect standard of proof in performing its gatekeeping function; and (2) the State failed to demonstrate by clear and convincing evidence that the expert's opinion was sufficiently reliable. We affirm the trial court's judgment.

## PRESERVATION OF ERROR

To preserve a complaint for appellate review, the record must show that a specific and timely objection was made to the trial judge and that the trial judge ruled on the objection.  TEX. R. APP. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.).  An appellant who fails to preserve error regarding the admissibility of evidence waives his complaint on appeal.  *Amspacher v. State*, 311 S.W.3d 564, 572 (Tex. App.—Waco 2009, no pet).  To avoid waiving his complaint on appeal, a party must "let the trial judge know what he wants, why he thinks himself entitled to it" and he must do so "clearly enough for the [trial] judge to understand him at a time when the trial court is in proper position to do something about it."  *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).  When a hearing is conducted to determine the reliability of an expert's testimony, an objection must be raised at the conclusion of the hearing to the reliability of the testimony; otherwise the claim will be waived.  *Wilson v. State*, 7 S.W.3d 136, 145 (Tex. Crim. App. 1999).  If an appellant's objection at trial does not comport with the issues raised on appeal, the issues raised on appeal have not been preserved for appellate review.  *Penry v. State*, 903 S.W.2d 715,729 (Tex. Crim. App. 1995); *see Griffin v. State*, 181 S.W.3d 818, 822 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).  A reviewing court should not address the merits of a complaint that has not been preserved for appeal.  *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

## DISCUSSION

Carter raises two issues on appeal asserting the trial court abused its discretion in admitting the testimony of an expert witness because the trial court applied an incorrect standard of proof and the State did not demonstrate with clear and convincing evidence that the expert's testimony was sufficiently reliable.  Prior to the testimony of the State's expert, the trial court held a hearing outside the jury's presence in order to determine if the expert was qualified to testify regarding

recantations and delays in disclosure.  At the end of the hearing, the trial court asked the parties to present any arguments.  When Carter presented his arguments, he did not object to the expert offering an opinion regarding recantations and delay in disclosures, and he did not object to the application of an incorrect standard of proof or on the grounds that the expert's opinion lacked reliability.  Instead, Carter only objected to the expert giving any type of medical opinion based on the Sexual Assault Nurse Examination ("SANE"), because the SANE did not provide a sufficient foundation for the expert's opinion.  Accordingly, Carter failed to lodge the objections to the expert's testimony that he raises on appeal at the conclusion of the trial court's hearing.  *See Wilson*, 7 S.W.3d at 145; *see also Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008) (noting a specific objection must be made at the conclusion of the voir dire of an expert witness to preserve error).  Because Carter's objection to the expert's testimony at trial does not comport with the issues raised on appeal, the issues were not preserved and are therefore waived.  *Penry*, 903 S.W.2d at 729.

**CONCLUSION**

The judgment of the trial court is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH