**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

9/4/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-15-00156-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/4/2015 2:51:38 PM
Dorian E. Ramirez
CLERK

No. 13-15-00156-CR

IN THE

THIRTEENTH COURT OF APPEALS

at Corpus Christi

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/4/2015 2:51:38 PM
DORIAN E. RAMIREZ
Clerk

GABIER GONZALES,
Appellant,

v.

THE STATE OF TEXAS,
Appellee.

Appealed from the 36th Judicial District Court of San Patricio County, Texas
Cause No. S-11-3069-CR

---

## APPELLEE'S BRIEF

---

Michael E. Welborn
District Attorney

Frank Errico
Assistant District Attorney
Texas Bar No. 06648950
P.O. Box 1393
Sinton, Texas 78387
Tel.    (361) 364-9390
Fax     (361) 364-9490

ATTORNEY FOR APPELLEE,
THE STATE OF TEXAS

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................ii

STATEMENT OF FACTS.................................................................................1

SUMMARY OF ARGUMENT............................................................................2

APPELLEE'S RESPONSE TO APPELLANT'S ARGUMENT....................................3

PRAYER.....................................................................................................7

CERTIFICATE OF COMPLIANCE.....................................................................9

CERTIFICATE OF SERVICE...........................................................................10

i

## INDEX OF AUTHORITIES
## CASES

*Atchinson v. State,* 124 S.W. 3d 755, (Tex. App.- Austin 2003, pet.ref'd).............................4

*Davis v. State,* 345 S.W. 3d 71 (Tex.Crim.App. 2001)..................................................4

*Harmelin v. Michigan,* 501 U.S. 957 (Tex. Crim. App. 1994), 111 S. Ct. 2680 (1991)................5

*Harris v. State,* 656 S.W.2d 481 (Tex.Crim.App. 1983) (en banc)..................................5,7

*Jordan v. State,* 495 S.W.2d 949 (Tex.Crim.App 1973)..............................................5

*McGruder v. Puckett,* 954 F.2d 313 (5th Cir. 1992)...............................................6

*Moore v. State,* 54 S.W. 3d 529 (Tex. App.- Fort Worth 2001, pet. ref'd)..........................6

*Nolan v. State,* 264 S.W. 3d 144 (Tex.App.- Houston [1st Dist.] 2007..............................4

*Samuel v. State,* 477 S.W.2d 611 (Tex.Crim.App. 1972)............................................5

*Smith v. State,* 256 S.W.3d 341 (Tex.App.- San Antonio, 2007, no pet.)............................7

*Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 2680 (1991)...........................................5,6,7

*Sullivan v. State,* 975 S.W.2d 755 (Tex. App. – Corpus Christi 1998, no pet.).....................5,6,7

*Trevino v. State,* 174 S.W.3d 925 (Tex.App. – Corpus Christi 2005)................................5,7

## TEXAS STATUTES

Texas Penal Code sec. 29.03..........................................................................1

Texas Penal Code sec. 12.32..........................................................................3

## STATEMENT OF FACTS

The Appellant, Gabier Gonzales, was indicted in cause number S-11-3069-CR on March 8, 2011 for the first degree felony offense of Aggravated Robbery. Please see Texas Penal Code, sec. 29.03. A brief synopsis of the facts of this case, as admitted into evidence without objection, were that the victim of this offense, Roy Cantera, opened the door of his residence to Appellant, a man that the victim had considered to be a friend. Once inside, Appellant asked Roy for some money. When Roy responded that he didn't have any money to lend, Appellant willfully and without waning punched Roy, in the area of the right eye of Roy's face. The force from the blow knocked Roy out, cold. Immediately thereafter, Appellant removed Roy's wallet, took all the money he had therein ($60), and left. As a result of this unprovoked attack, Roy's right eye was swollen shut, and his eye socket was shattered. The injuries suffered were permanent, as Roy was left blind in his right eye.

To this offense, Appellant subsequently entered into a plea bargain agreement with the State. Pursuant to the plea agreement, Appellant pled guilty, and the Court accepted the recommended plea of eight (8) years deferred adjudication probation on the first degree felony Aggravated Robbery charge, along with a $750.00 fine, with restitution to the victim, if any, to be determined, on May 23, 2011. On that date, the Court ordered conditions of community supervision.

Appellant was made fully aware of these conditions, and that a violation of one or

1

any of these conditions could result in the filing of a Motion to Revoke community supervision. Appellant was also made fully aware that, should his community supervision be revoked by the Court, he could be adjudicated by the Court, and be sentenced within the full range of punishment for a first degree felony, anywhere between five (5) – 99 years, or Life, in the Institutional Division of the Texas Department of Criminal Justice. Subsequent Court orders were entered to amend conditions of community supervision.

On March 19, 2014, the State filed a Motion to Revoke community supervision. A hearing on the merits of this motion was held on March 20, 2015. After Appellant pled true to all allegations alleged by the State in said motion, the Court found that the allegations alleged were true, and found the Appellant guilty of the offense of Aggravated Robbery. After hearing the respective arguments from both Appellant and the State as to punishment disposition, the Court sentenced Appellant to 15 years in the Institutional Division of the Texas Department of Criminal Justice.

## SUMMARY OF ARGUMENT

Appellant presents one point of alleged error:

That the 15 year sentence imposed by the Court was allegedly disproportionate to the seriousness of the offense, in alleged violation of the Eight Amendment and Fourteenth Amendments to the United States Constitution.

Appellee contests this issue as follows:

Appellant's conviction and 15 year prison sentence for the first degree felony of

2

Aggravated Robbery was justified considering the nature of the offense. A first degree felony carries a punishment range on 5-99 years, or life in the penitentiary. Please see Texas Penal Code sec. 12.32. The Texas Court of Criminal Appeals has consistently held that a sentence falling within the statutorily prescribed range of punishment does not violate the prohibition against cruel and unusual punishment.

The trial court had initially afforded Appellant an opportunity to avoid incarceration by approving a probated sentence. Yet Appellant, in unsuccessfully completing all requirements and terms of community supervision, demonstrated that he had no respect for the trial court, little remorse for the offense he committed, and that he was not intent on changing his ways.

After having found that Appellant had violated his conditions of probation as alleged, the Court listened to arguments from the State and from Appellant as to proper punishment. Though the trial court had the power to order a much stiffer sentence, if anything, it showed some mercy and restraint in limiting Appellant's prison sentence to 15 years, especially in light of the fact that the State had strongly recommended a sentence of at least 30 years confinement.

## ARGUMENT

**Appellant's' fifteen year prison sentence was not manifestly unreasonable or grossly disproportionate to the seriousness of his crime, and does not constitute cruel and unusual punishment.**

3

## Waiver

When a sentence imposed is within the punishment range and is not illegal, the failure to specifically object to an alleged disproportionate sentence in the trial court or in a post-trial motion waves any error on appeal. *Nolan v. State,* 264 S.W. 3d 144, 145. (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd); TEX.R. App. P. 33.1(a).

At the time the trial court sentenced him, Appellant did not object that the punishment was excessive, disproportionate, or cruel and unusual. Nor did he timely file a motion for new trial or other post-trial motion objecting that his sentence was excessive, disproportionate, or cruel and unusual.

In addition, the appealing party has the burden to make, and bring before the appellate court, a record demonstrating that error occurred in the trial court. *See Davis v. State,* 345 S.W.3d 71, 77 (Tex. Crim. App. 2011).

Under a proportionality analysis, the correct question is whether the sentence was warranted by the crime for which appellant was convicted, and not whether it was warranted by the supervisory violations proved at the adjudication hearing. *Atchison v. State,* 124 S.W.3d 755, 760 (Tex. App-Austin 2003, pet. ref'd).

The record in the present case is insufficient to address a claim of disproportionate sentencing, since there is no reporter's record from the original proceeding to show what evidence the State presented, in addition to the judicial confession, to support the conviction. Without such a record, we do not know what other evidence the trial court

4

may have heard concerning the gravity of the offense. Nor is there a record from the adjudication hearing, at which the trial court may have heard additional evidence relevant to the decision made regarding punishment. Specifically, Appellant has failed to disprove the possibility that there may have been more evidence presented concerning the seriousness of the present offense and circumstances which may justify a lengthy sentence.

Accordingly, for reasons discussed above, Appellant waived error on his present claim that his sentence was disproportionate.

However, even if he had preserved his claim, fe failed to prove his claim. at the appellant Luna was a mere party to the offense. All State's witnesses testified the appellant Luna was in fact a shooter.

### Proportionality Review

Punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd) (citing *Harris v. State,* 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (en banc); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

Proportionality review of a legal sentence remains somewhat ambiguous and uncertain. *See Harmelin v. Michigan,* 501 U.S. 957, 111 S. Ct. 2680 (1991); *Solem v. Helm,* 463 U.S. 277, 291, 103 S.Ct. 3001 (1983); *Trevino,* 174 S.W.3d at 928; *Sullivan v. State,* 975 S.W.2d 755, 757-58 (Tex. App-Corpus Christi 1998, no pet.) However, to the

extent that such review remains viable, the appellate court should look first to the gravity of the offense and the harshness of the penalty. *See Solem,* 463 U.S. at 277, at 290; *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir. 1992). If, based on his present conviction, his criminal history, and the punishment range available, appellant's sentence is not grossly disproportionate to his crime, this ends the analysis, in the absence of other evidence in the appellate record of the sentences imposed for other crimes in Texas, or for the same crime in other jurisdictions upon which a comparative evaluation might be based. *See Solem,* 463 U.S. at 292.; *McGruder,* 954 F.2d at 316; *Sullivan,* 975 S.W,2d at 757-58.

## Gravity of the Offense

The gravity of the offense is judged in light of the harm caused or threatened to society and the offender's culpability. *Moore v. State,* 54 S.W.3d 529, 542 (Tex. App- Fort Worth 2001, pet. ref'd) (citing *Solem,* 463 U.S at 291-92).

Appellant's offense of aggravated robbery led to his victim becoming blind in his right eye. In addition, Appellant's inability to follow his conditions of community service, suggest a sufficiently grave offense to justify a 15 year sentence.

## Harshness of the Sentence

A fifteen year prison sentence is not so harsh as to be grossly disproportionate, in view of the serious circumstances of the offense, and the five - ninety-nine years or life

6

statutory penalty, which the trial court available to it, in accessing punishment. Appellant's failure to abide by the rules prescribed by the trial court indicates his lack of desire to reform his life, and that he apparently was not taking the court ordered conditions of community supervision seriously. Accordingly, Appellant has failed to make even a threshold showing that his sentence was grossly disproportionate.

Moreover, because Appellant failed to present any evidence of the sentences imposed for other similar crimes in Texas, or for the same crimes in other jurisdictions, the Court is unable to perform a comparative evaluation using the remaining *Solem* factors. *See Solem,* 463 U.S. at 292; *see also Sullivan,* 975 S.W.2d at 757-58.

Finally, "the Texas Court of Criminal Appeals has consistently held that a sentence falling within the statutorily prescribed range of punishment for a given offense does not violate the prohibition against cruel and unusual punishment." *Smith v. State,* 256 S.W.3d 341, 343 (Tex. App-San Antonio 2007, no pet.) (citing *Harris,* 656 S.W.2d at 486). Appellant's fifteen year sentence fell within the statutorily prescribed ranged of punishment

Appellant's lone issue on appeal should be overruled.


## PRAYER

The Appellant has presented no grounds in his appeal which justify the relief sought. Accordingly, Appellee respectfully prays that this Honorable Court affirm the

judgment of the trial court in all respects.

Respectfully submitted,

Michael E. Welborn
District Attorney


/s/ Frank Errico


Frank Errico
Assistant District Attorney
State Bar No. 06648950
P.O. Box 1393
Sinton, Texas 78387
Tel.    (361) 364-9390
Fax    (361) 364-9490

CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the

number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 2016.


/s/ Frank Errico

Frank Errico
Assistant District Attorney
State Bar No. 06648950
P.O. Box 1393

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th of September, 2015, a true and correct copy of the above and foregoing instrument was faxed to John Lamerson, the counsel for the Appellant, at (866) 935-5634.

/s/ Frank Errico

Frank Errico
Assistant District Attorney
State Bar No. 06648950
P.O. Box 1393
Sinton, Texas 78387
Tel.   (361) 364-9390
Fax   (361) 364-9490