ACCEPTED
01-15-00517-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 6:25:07 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00517-CR
No. 01-15-00518-CR

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/7/2015 6:25:07 PM

CHRISTOPHER A. PRINE
Clerk

_____

JOHN HENRY SKILLERN
Appellant

VS.

THE STATE OF TEXAS
Appellee

_____

APPELLANT'S BRIEF
(*Anders* Brief)

_____

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1436278 & 1436279

_____

Kyle B. Johnson
SBN: 10763570
917 Franklin, Suite 320
Houston, Texas 77002
Tel: (713) 223-4100
Fax: (713) 224-2889

ATTORNEY FOR
JOHN HENRY SKILLERN

# TABLE OF CONTENTS

INDEX OF AUTHORITIES          iii

INTERESTED PARTIES   iv

STATEMENT REGARDING ORAL ARGUMENT      v

CITATIONS TO THE RECORD   v

PRELIMINARY STATEMENT    2

STATEMENT OF THE CASE      2

STATEMENT OF FACTS  4

      The State Witnesses 4
      The Defense Witnesses      6
      Closing Arguments  7
      Punishment   7

POSSIBLE AREAS OF CONCERN      7

      Was it error to admit several photographs taken off the appellant's device over a 403 objection?      7

      Were the appellant's sentences unconstitutionally excessive?   7

CONCLUSION      10

CERTIFICATE OF SERVICE      11

CERTIFICATE OF COMPLIANCE      12

# INDEX OF AUTHORITIES

Cases

*Anders v. California,* 386 U.S. 738 (1967)          2

*Darden v. State,* 430 S.W.2d 494, 496 (Tex.Crim.App.1968)    9-10

*High v. State,* 573 S.W. 2d 807 (Tex.Crim.App. 1978)   2

*Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973)     9

*Kelly v. State,* 436 S.W. 3d 313 (Tex.Crim.App. 2014)   2

*Kimithi v. State,* 546 S.W.2d 323, 327 (Tex.Crim.App. 1977)   8

*Noland v. State,* 264 S.W.3d 144, 151 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd)
          9

*Smith v. State,* 256 S.W.3d 341, 343–44 (Tex.App.-San Antonio 2007, no pet.)        9

Statutes

Tex. Penal Code § 12.42(a)  9

Tex. Penal Code § 12.42(b)  9

Texas Penal Code § 22.01(b)        9

Tex. Penal Code § 43.26(d)  7

Tex. Penal Code § 43.26(g)  7

Tex.R.App. P. § 33.1(a)      9

Tex. R. Evid. § 403   8

# INTERESTED PARTIES

Judge:                  The Honorable Jeannine Barr
Presiding Judge, 182nd District Court
Harris County, TX
1201 Franklin
Houston, TX 77002

Prosecutors:        Mr. Stephen Driver (trial)
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, TX 77002

Mr. Alan Curry (appeal)
Assistant District Attorney
Harris County District Attorney's Office, Appellate
1201 Franklin, Suite 600 Floor
Houston, TX 77002

Defense Attorneys:   Mr. David L. Garza (trial)
102 South Lockwood Drive
Houston, TX 77002

Mr. Kyle B. Johnson (appeal)
917 Franklin, Ste 320
Houston, TX 77002

Defendant:         Ms. John Henry Skillern

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is waived.

## CITATIONS TO THE RECORD

The Record consists of a one-volume clerk's record in each case which will be cited "CR" followed by the Case Number and then the document "Bates Stamp" number (e.g. "CR/1436278 - 003") and two volumes of Court Reporter's Records which will be cited by volume number followed by the page number (e.g. "Vol. 1 - p. 26").

No. 01-15-00517-CR
No. 01-15-00518-CR


IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

AT HOUSTON

_____

JOHN HENRY SKILLERN
Appellant

VS.

THE STATE OF TEXAS
Appellee


_____

APPELLANT'S BRIEF
(*Anders* Brief)
_____

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1436278 & 1436279

_____


TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

NOW COMES KYLE B. JOHNSON, counsel appointed on the appellant's appeal,

and files this *Anders* brief and respectfully shows the Court the following:


vi

## PRELIMINARY STATEMENT

In compliance with the requirements of *Anders v. California,* 386 U.S. 738 (1967), *High v. State,* 573 S.W. 2d 807 (Tex.Crim.App. 1978) and *Kelly v. State*, 436 S.W. 3d 313 (Tex.Crim.App. 2014), court-appointed counsel on this appeal states that he has diligently reviewed the entire appellate record in this case as well as the applicable case law. In his opinion, the record presents no plausible grounds for appeal.

The undersigned attorney has 1) written a letter to the appellant notifying him of counsel's opinion, 2) provided the appellant with a copy of this *Anders* Brief along with a copy of counsel's Motion to Withdraw, 3) informed the appellant of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, 4) informed the appellant that, should he choose to invoke his right to file a *pro se* response, he should sign and date a Motion to Review the Appellate Record (a form for which was included with the letter) and return it to the Court of Appeals within ten days of the date of the accompanying letter, 5) provided the appellant with the mailing address for the Court of Appeals, 6) advised the appellant of her right to file a Petition for Discretionary Review with the Court of Criminal Appeals should she fail to get relief at the lower level, and 7) provided the appellant with the mailing address for the Court of Criminal Appeals.

## STATEMENT OF THE CASE

On March 5, 2015, the appellant appeared in court and plead "guilty" to the offense of Possession of Child Pornography (C# 1436278), a third degree felony

(enhanced by the prior felony conviction of Aggravated Sexual Assault of a Child), and to the offense of Promotion of Child Pornography (C# 1436279), a second degree felony (enhanced by the prior felony conviction of Aggravated Sexual Assault of a Child). The appellant also plead "true" to the enhancement paragraph in each case.

There was no agreement with the State as to punishment. The trial court made no findings of guilt and the cases were reset for sentencing so that a Pre-Sentence Investigative Report could be prepared. The trial court certified that the appellant retained the right to appeal in each case at the time of the pleas. (CR/1436278 - 046; CR/1436279 - 047).

On May 20, 2015, the appellant appeared in Court for sentencing and, after a hearing was held and both sides argued, the appellant was sentenced to 20 years in the Possession of Child Pornography case (CR/1436278 - 056) and to 45 years in the Promotion of Child Pornography case. (CR/1436279 - 054). The sentences were ordered to run concurrently. [1]

The appellant filed a notice of appeal on May 20, 2015. (CR/1436278 - 059; CR/1436279 - 057). One extension of time to file the appellant's brief has been granted and the current due date is December 7, 2015.

## STATEMENT OF FACTS

The appellant appeared in court on May 20, 2015 and a sentencing hearing was

---

[1] The State had filed a motion to stack the sentences but that was denied.

held.  At the outset, the trial court asked if there were any objections to the Pre-Sentence Investigative Report and each side responded that there were not.  (Vol. 1 - p. 5).  The State then called its first witness, Matthew Gray.  (Vol. 1 - p. 8).

State Witness

Matthew Gray testified that he was a forensic investigator in the Child Exploitation Unit of the Harris County DA's office.  According to Mr. Gray, he was involved in the search of the appellant's home in July of 2014 pursuant to a search warrant.  Mr. Gray testified that, as a result of that search, an iPad-like tablet and a phone were recovered.  According to Mr. Gray, he searched the devices and "observed some images of child pornography, and videos of the defendant masturbating and ejaculating." He also observed "some conversations that appeared to be between the defendant and other collectors of child pornography talking about sexually abusing children."  It appeared to Mr. Gray that the appellant and others were trading pictures.  (Vol. 1 - pp. 8-12).

State Exhibits 2 through 15 were identified as images taken off the devices found at the appellant's residence.  The defense objected to Nos. 9, 10, 11, 14 and 15 as being "highly prejudicial and not probative".  Those objections were overruled and all of the photographs were admitted. (Vol. 1 - pp. 14-15).

Mr. Gray testified that there was a child referred to in some text messages as "Betty Blue".  According to Mr. Gray, this child was referred to as the appellant's step-daughter and it appeared from the text messages that the appellant was sexually abusing the child.  The defense objected that there was no evidence that sexual abuse was actually

occurring and that objection was overruled (but the trial court indicated it might change its ruling after hearing more evidence).  (Vol. 1 - pp. 15-16).  [2]

Mr. Gray discussed the content of the text messages that were taken off of the appellant's phone.  (State Exhibit Nos. 2-7).  (Vol. 1 - pp. 15-18).  Mr. Gray testified that there was an accompanying video that he was unable to extract from the phone and which depicted a "child exiting a shower and was unclothed."  He testified that he was able to take screen shots from the video and those were depicted in State Exhibits 14 and 15.  (Vol. 1 - p. 19).

Mr. Gray testified that there also were emails found on the appellant's phone that were of a similar nature to the text messages.  (Vol. 1 - p. 20).  State Exhibit No. 16 was admitted without objection.  Mr. Gray identified this as a video taken off one of the appellant's devices and described it as a well known video in which a young girl of approximately 10 years of age has sex with a grown man.  (Vol. 1 - pp. 30-32).

On cross examination, Mr. Gray agreed that the text messages on the appellant's phone only discussed the appellant sexually abusing his step-daughter.  Mr. Gray admitted that he did not know whether the abuse actually was occurring.  (Vol. 1 - pp. 37-38).  After the testimony of Mr. Gray, the State rested.  (Vol. 1 - p. 39).

Defense Witnesses

The defense called Raymond Skillern, the defendant's younger brother.  Mr. Skillern testified that he was aware of the charges against the appellant and that the

---

2 Ultimately, the trial court will state that it's sentences were not in any way based on a belief that this abuse actually had occurred.

appellant had once before been sentenced to 20 years in the Institutional Division of the Texas Department of Corrections (presumably for the Aggravated Sexual Assault of a Child case). According to Mr. Skillern, the appellant served the entire 20 year sentence. (Vol. 1 - pp. 40-42).

Mr. Skillern basically testified that there were people out there that cared for the appellant and that clearly he needed some type of treatment for his problems. (Vol. 1 - pp. 42-45). The State had no questions. The defense then called the appellant.

John Skillern, the appellant, testified that, until he got out of prison (which, according to his brother, was in 2013), he never used a computer. He testified that the girl he referred to in his texts was the daughter of a woman in Thailand with whom he had an on-line relationship and he had never actually met the daughter. According to the appellant, he used his texts and emails to try to get other men to send him pictures of their penises and develop relationships with them. (Vol. 1 - pp. 47-51).

According to the appellant, while he was in the penitentiary, he asked for help many times. He was told that he would have to be within two years of his release and even then he was not able to get any treatment. (Vol. 1 - pp. 51-53).

On cross, the appellant agreed that he continued to communicate with the woman in Thailand after he was arrested for this offense. He denied that he ever had actually sexually assaulted a child. He did admit that he had video-taped a child at his workplace. (Vol. 1 - pp. 57-65). After the appellant's testimony, both sides closed. [3]

_____

[3] There were no objections (of any consequence) during the testimony of the three punishment witnesses.

11

## Closing Arguments

Both sides gave brief closing arguments during which there were no objections. (Vol. 1 - pp. 69-73).

## The Sentence

At the conclusion of closing arguments, the trial court made it clear that it was not basing its decision on any belief that the appellant had actually sexually abused the child referred to as "Betty Blue" in the texts taken off his phone. With that, the trial court found the appellant guilty in each case, as well as the enhancement paragraphs to be true, and assessed the appellant's punishment at 20 years in the Possession of Child Porn case and at 45 years in the Promotion of Child Porn case. (Vol. 1 - p. 74).

## POSSIBLE AREAS OF CONCERN

Given the fact that the appellant plead guilty to the offenses in question and went to the trial court for punishment, there is very little potential for reversible error here. While trial counsel could not find any issues upon which to base a request that the appellant's conviction and sentence be reversed, the following possible area of concern will be discussed:

1.     Was it error to admit several photographs taken off the appellant's device over a 403 objection?

2.     Were the appellant's sentences unconstitutionally excessive?

### The admission of several photographs over a 403 objection.

The only substantive objections made during the punishment phase were to several of the photographs found on the appellant's device. The objections made were that the

12

photos were "highly prejudicial and not probative" (presumably under Tex. R. Evid. 403). The objections were overruled and the photographs were admitted.

Even assuming those photographs were improperly admitted over proper objection, there will be a strong presumption that the trial court made only proper use of those photos. *See Kimithi v. State*, 546 S.W.2d 323, 327 (Tex.Crim.App. 1977)("[t]he trial court, as the finder of fact at the punishment stage of the trial, is presumed to have disregarded any evidence that was improperly admitted."). This issue simply does not present any grounds upon which to base an appeal.

<u>Were the appellant's sentences excessive?</u>

First it should be noted that the sentences assessed by the trial court were legal in that they fell within the applicable statutory range of punishment. Possession of Child Pornography is a felony of the third degree. Tex. Penal Code § 43.26(d). Promotion of Child Pornography is a felony of the second degree. Tex. Penal Code §43.26(g). With the appellant's prior felony conviction for Aggravated Sexual Assault of a Child, each range was raised one degree. Therefore, the sentences of 20 years for possession and 45 years for promotion were within the applicable statutory range. *See* and Tex. Penal Code § 12.42(a) (third degree enhanced to a second with prior final felony conviction) and Tex. Penal Code § 12.42(b) (a second degree enhanced to a first degree with prior final felony conviction).

Secondly, it must be noted that there was no complaint at trial that the sentences assessed were excessive. To preserve a complaint that a sentence is grossly

13

disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a motion stating the specific grounds for the ruling desired. *Noland v. State*, 264 S.W.3d 144, 151 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd). As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court and that the trial court either ruled or refused to rule on that complaint. Tex.R.App. P. 33.1(a). Even if there was a complaint here that the appellant's sentences were excessive, nothing in that regard was preserved for appeal.

Even had the issue been preserved, it is unlikely the reviewing court would consider the appellant's sentences constitutionally excessive. Sentences that fall within the statutory limits are generally not considered excessive under the Eighth Amendment. *Smith v. State*, 256 S.W.3d 341, 343–44 (Tex.App.-San Antonio 2007, no pet.); *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App.1973) (holding that sentence falling within range prescribed by legislature was not excessive or cruel and unusual); *Darden v. State*, 430 S.W.2d 494, 496 (Tex.Crim.App.1968) ("If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment").

Here, the appellant's sentences fell within the statutory limits and, given this record, it is impossible to argue that the appellant's sentences were constitutionally excessive. [4]

---

[4] Counsel recognizes that there is an exception to the rule that sentences within the range of punishment are not excessive in violation of the Eighth Amendment. There may be a constitutional issue when the sentences are grossly disproportionate to the offenses for which the defendant has been convicted. These situations are exceedingly rare, however, and for the most part, a fact finder's discretion to impose any punishment within a prescribed statutory range is

## CONCLUSION

Given the fact that it will be presumed that the trial court made only proper use of all evidence admitted and no argument can be made that the sentences were constitutionally excessive given this record, counsel cannot ask the Court to set aside the appellant's judgment or sentence.

---

essentially "unfettered." See *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex.Crim.App.2006). There simply is not enough of a record here concerning what would be considered disproportionate to make that argument here. No case could be found where sentences of this type were considered "cruel and unusual". In fact, just the opposite was the case. Such an argument is made especially difficult here where the appellant had just finished a 20 year sentence for Sexual Abuse of a Child.

Respectfully submitted,


/s/ Kyle B. Johnson
Kyle B. Johnson
SBN: 10763570
917 Franklin, Suite 320
Houston, Texas 77002
Tel: (713) 223-4100
Fax: (713) 224-2889

ATTORNEY FOR APPELLANT


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this 20th day of October, 2015, to wit:

Mr. Alan Curry
Appellate Division
Harris County District Attorney's Office
1201 Fannin
Houston, Texas 77002

Mr. John Skillern
Inmate # 2001974
Cotulla Unit
610 FM 624
Cotulla, Texas 78014


/s/ Kyle B. Johnson
Kyle B. Johnson


## CERTIFICATE OF COMPLIANCE

I certify that this brief is in compliance with Texas R. App. Proc. Rule 9.4(i)(3) in that it contains 2013 words.


 /s/ Kyle B. Johnson
Kyle B. Johnson